IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KIMBERLY DIFRANCESCO | 1:22CR00261-002<br><br>Hon. Judge Christopher R. Cooper |

**DEFENDANT'S SENTENCING MEMORANDUM**

On August 17th, 2022, Kimberly DiFrancesco pled guilty to Count One of the information in that she committed the offense of Parading, Demonstrating, or Picketing in a Capitol Building in violation of Title 40, United States Code, Section 5104(e)(2)(G).

Kimberly DiFrancesco has taken full and public responsibility for her actions that bring her before this Honorable Court. Ms. DiFrancesco makes no excuses for her actions on January 6th. Her decision to enter the Capitol was one she will regret for the rest of my life. There is no way to downplay her actions of entering the building. She will forever be associated with the terrible events that transpired on January 6th and will have to live with her decisions that day for the rest of her life. Ms. DiFrancesco is genuinely remorseful and sorry for the decisions she made on January 6th; decisions she wishes every day she could take back.

Ms. DiFrancesco now submits this memorandum in order to assist the Court in fashioning the most appropriate sentence by addressing each of the available sentencing options under the provisions of 18 U.S.C. §3553(a), as now constitutionally required by the Supreme Court in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This memorandum will supplement the Presentence Report ("PSR") and submit reasons why this Court

1

should consider and grant a sentence that is below or "in variance" with the advisory Guideline level based on various factors in mitigation.

For the reasons set forth herein, a sentence of probation is sufficient and not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).

**OVERVIEW OF SENTENCING REPORT**

**GUIDELINES (PSR ¶18-19)**

Ms. DiFrancesco agrees that pursuant to USSG Section 1.B1.9, the US Sentencing Guidelines do not apply to any count of this conviction that is a Class B or C misdemeanor or infraction, and accordingly, the US Sentencing Guidelines do not apply to Count 1 of the instant indictment.

**THE DEFENDANT'S CRIMINAL HISTORY (PSR ¶20-27)**

Ms. DiFrancesco agrees with the Criminal History Score and computation as provided in the PSR.

**SENTENCING OPTIONS (PSR ¶49-67)**

**Custody– Par. 49-50:**

Ms. DiFrancesco agrees to the statutory and guideline provisions outlined in the PSR.

**Supervised Release – Par. 52-53:**

Ms. DiFrancesco agrees to the supervised release provisions as outlined by the PSR.

**Supervised Release Conditions**

Ms. DiFrancesco agrees to the terms outlined by Probation Officer Aidee V. Gavito.

**Probation**

Ms. DiFrancesco agrees to the statutory and guideline provisions as outlined by the PSR.

**Fines**

Ms. DiFrancesco agrees to the fine provisions and assessments as outlined by the PSR.

**Restitution**

Ms. DiFrancesco agrees to the restitution provisions as outlined by the PSR.

**SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)**

The purpose of sentencing as reflected in 18 U.S.C §3553 is not to be punitive but rather to be just based on the offense and offender. Under 18 U.S.C. §3553(a)(2) the Court shall impose a sentence sufficient, but not greater necessary to reflect the purposes of sentencing, including, the need for just punishment, the need for deterrence, protection of the public, and the rehabilitation of the defendant. §3553 also orders courts to consider the history and characteristics of the defendant as well as the nature and circumstances of the offense.

I.   **Ms. DiFrancesco's Personal History and Characteristics**

The PSR accurately explains the personal background of Kimberly DiFrancesco and so that will not be repeated in full here. (PSR, ¶30-38). In summary, Ms. DiFrancesco is a lifelong resident of Illinois, a college graduate who went on to obtain her MBA, a long-time employee of Smithfield Packaged Meats Sales Corporation, and someone who has always centered her focus on her career and her family, including caring for her mother who is currently in remission from breast cancer. Kim is a caring, charitable and compassionate individual who volunteered with Vitas, a Hospice Firm, that assisted her father before his passing.

II.  **This Honorable Court should consider Ms. DiFrancesco's low risk of recidivism.**

There are a number of factors the court should consider regarding Ms. DiFrancesco's low risk of recidivism and post offense rehabilitation. Ms. DiFrancesco is 54 years old, has a strong history of employment, and has a Criminal History Level of I.

Studies by the United States Sentencing Commission have repeatedly shown that older offenders at sentencing are at lower risk for reoffending.[12]

Courts have held that a defendant's "positive personal characteristics, including his [her] solid work record and good conduct over the past few years" can demonstrate that a guidelines sentence is greater than necessary to protect the public under § 3553(a)(2)(C). *United States v. Thomas*, 595 F.Supp. 2d 949 (2009). The United States Sentencing Commission has also found that there is lower risk for recidivism if the Defendant has maintained stable employment in recent past … and recidivism rates are lower for Non-Violent Offenders.[3] Outside of the instant offense and traffic infractions, Ms. DiFrancesco has been a productive law-abiding citizen her entire life, a productive member of society, and someone who always placed family first. Ms. DiFrancesco is a non-violent offender, and has excelled in her career, holding a job with her current employer for approximately 20 years.

Ms. DiFrancesco is not a risk for recidivism.

**III.    A Prison Sentence Would Create an Unwarranted Disparity in Sentences.**

As set forth in 18 U.S.C. § 3553(a)(6), Ms. DiFrancesco's sentence should not be unnecessarily disparate from the sentences imposed on other defendants with similar records found guilty of similar conduct.

Ms. DiFrancesco should receive a sentence of probation due to a number of factors which align her with similarly situated January 6th Defendants who received a sentence of probation. Ms. DiFrancesco's request for a sentence of probation is supported by early acceptance of

---

[1] See Recidivism Among Federal Defenders: A Comprehensive Overview (2016). Defendants "over the age of forty... exhibit markedly lower rates of recidivism in comparison to younger defendants."
[2] See Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines, at 12, 28 (2004) ("Recidivism rates decline relatively consistently as age increases").
[3] See Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines, at 12, 28 (2004).

Studies by the United States Sentencing Commission have repeatedly shown that older offenders at sentencing are at lower risk for reoffending.[12]

Courts have held that a defendant's "positive personal characteristics, including his [her] solid work record and good conduct over the past few years" can demonstrate that a guidelines sentence is greater than necessary to protect the public under § 3553(a)(2)(C). *United States v. Thomas*, 595 F.Supp. 2d 949 (2009). The United States Sentencing Commission has also found that there is lower risk for recidivism if the Defendant has maintained stable employment in recent past … and recidivism rates are lower for Non-Violent Offenders.[3] Outside of the instant offense and traffic infractions, Ms. DiFrancesco has been a productive law-abiding citizen her entire life, a productive member of society, and someone who always placed family first. Ms. DiFrancesco is a non-violent offender, and has excelled in her career, holding a job with her current employer for approximately 20 years.

Ms. DiFrancesco is not a risk for recidivism.

**III.    A Prison Sentence Would Create an Unwarranted Disparity in Sentences.**

As set forth in 18 U.S.C. § 3553(a)(6), Ms. DiFrancesco's sentence should not be unnecessarily disparate from the sentences imposed on other defendants with similar records found guilty of similar conduct.

Ms. DiFrancesco should receive a sentence of probation due to a number of factors which align her with similarly situated January 6th Defendants who received a sentence of probation. Ms. DiFrancesco's request for a sentence of probation is supported by early acceptance of

---

[1] See Recidivism Among Federal Defenders: A Comprehensive Overview (2016). Defendants "over the age of forty... exhibit markedly lower rates of recidivism in comparison to younger defendants."
[2] See Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines, at 12, 28 (2004) ("Recidivism rates decline relatively consistently as age increases").
[3] See Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines, at 12, 28 (2004).

responsibility; Ms. DiFrancesco agreed to be interviewed and did not minimize her conduct; Ms. DiFrancesco was a non-violent participant in line-with others who have received probation for the same offense; Ms. DiFrancesco has no criminal history; Ms. DiFrancesco has a successful record while on pretrial supervision; Ms. DiFrancesco has expressed remorse throughout the entire process of this case; and Ms. DiFrancesco's personal history and characteristics.

In the matter of *United States v. Eduardo Gonzalez* (Case No. 1:21-CR-00115-CRC), the Defendant, Eduardo Gonzalez, spent 30 minutes inside of the United States Capitol Building, smoked cannabis within the Capitol Building, and according to prosecutors, "exhibited no remorse." Mr. Gonzalez received a sentence of 24 months' probation, a $1000 fine, and $500 in restitution. Unlike Mr. Gonzalez, Ms. DiFrancesco has exhibited remorse throughout the instant matter.

In the matter of *United States v. John Wilkerson* (Case No. 1:21-CR-00302-CRC), the Defendant, John Wilkerson, entered and used a radio within the United States Capitol. Later, Mr. Wilkerson posted the following on social media, "Today was a good day, we got inside the capitol." Mr. Wilkerson received a sentence of 36 months' probation, a $2500 fine, 60 hours community service, and $500 in restitution.

The PSR notes that Ms. DiFrancesco did not act in a managerial role, was not a violent offender, and her role on January 6th does not warrant aggravation in sentencing.

Like the other cited matters and due to the listed factors in the instant matter, Ms. DiFrancesco should receive a sentence of probation to ensure Ms. DiFrancesco's sentence should not be unnecessarily disparate from the sentences imposed on other defendants with similar records found guilty of similar conduct in compliance with 18 U.S.C. § 3553(a)(6).

**Character Letters**

**Helen Levinson** is a software sales executive and has known Ms. DiFrancesco for over 20 years. Ms. Levinson states in pertinent part:

> "I have known her [Ms. DiFrancesco] to be a responsible person of good character. Our relationship began in 2000 as a vendor and client that grew into a meaningful long-term friendship. Over the years, Ms. DiFrancesco has never failed to show up to help a friend in need. When I gave birth to my daughter, I was having difficulty adjusting, and as a new Mom and juggling the responsibilities of my business, and it nearly destroyed my spirit. Ms. DiFrancesco kept me motivated and focused on my priorities while she would meal prep for me, and since my office was near her home in Elmhurst, IL, at the end of the day, I would stop by to pick up the dinner, she lovingly made for my family.
>
> One year, I needed housing for a French student I hired to intern for my company. Ms. DiFrancesco has opened her home to him so he could live there for free during the summer. She opened her home to a stranger and provided him with shelter, meals, and transportation. Even that relationship blossomed into a strong friendship. Ms. DiFrancesco has opened her home to many other who require shelter and has a long history of doing good for others, all based on her genuine character to help those in need. She has never asked for anything in return.
>
> When my parents migrated to the US from Jordan in 1969, they feared the unknowns of being in a new country; we thrived because kind people helped my parents establish themselves here – people who were good, kind, generous, and unselfish. People like Ms. DiFrancesco always pay it forward to help others in need.
>
> I realize the actions of some people at the Capitol on January 6th have negatively impacted many in our country. There were activities that day that I disapproved of. However, I know Ms. DiFrancesco's character, and it has been consistent since the day I met her. She is a kind, generous, self-aware, and unselfish individual … I do not doubt that Ms. DiFrancesco will learn from this event."

(Letter attached Exhibit A)

**Ray McKiernan** has known Ms. DiFrancesco as a friend and colleague for over 15 years. Mr. McKiernan states in pertinent part:

> "I can confidently say that few women have contributed to the industry in which we serve, more than Kim has over our many years working as competitors and friends. Even though I came into Kim's association through the food service industry we both work in, I also know Kim outside of business. She is an extremely

kind, caring, polite, and well liked productive, member of society. She is honest, hardworking, has solid, wonderful relationships with her friends and family. I know her family is everything to her, as when we travel to places on business, she always invites her 74-year-old retired mother so that she can enjoy some of the wonderful places we get to travel to within our industry. It is clear time spent with her family is everything to her."

(Letter attached Exhibit B)

**Sandra DiFrancesco** is Kimberly DiFrancesco's mother. Ms. DiFrancesco states in pertinent part:

"I have seen her [Kimberly] grow into a hardworking, dedicated woman with a high level of integrity. She is enthusiastic about her career, which is evidenced by her working towards her master's degree, which she successfully completed in 2021. I was very proud of her for putting any spare time to good use and accomplishing that milestone. Her professional manner has been very impressive. She has proven herself to be intelligent, competent and capable of handling a grueling schedule of work/school/personal life.

She has also proven to be an extremely responsible and devoted daughter. Several years ago, I was diagnosed with cancer and had to undergo multiple surgeries, chemotherapy and radiation treatments and when it was possible for her to be with me to help me through these debilitating treatments, she could be relied upon to help without complaint. She was always ready t pitch in and take on yard work and household chores at my home, in addition to handling her own, for which I am forever grateful. Even as a young child, she could be counted on to make sure all the animals were fed and watered and taken care of regardless of weather or school activities. She always performed whatever tasks were assigned to her without complaint. That has not changed over the years; I still see that same sense of responsibility that is ingrained in her personality. She has always been honest with me and has professed remorse about any undue stress or pain that any of her actions may have caused me. It is typical that she wants to live up to my expectations of her.

… She is, in my opinion, an extremely valuable and contributing member of society."

(Letter attached Exhibit C)

**Cary Miller** is a Vice President of Food Industry News and has known Ms. DiFrancesco for over 30 years. Mr. Miller states in pertinent part:

7

> "I have always found Kim to be a very dedicated, considerate and caring individual, who is hard working and dedicated to helping others.
>
> At first, our relationship was purely professional, but after getting to know Kim and realizing how smart and selfless she is, I wanted to get to know her better and we became friends outside of work.
>
> Kim has always been a woman of high morals and ideals. I've seen Kim reach out to help others even if there is nothing for her to gain in return. Emblematic of her gratitude and generosity is the fact that after her father passed away, Kim volunteered with Vitas (the Hospice firm who helped her father) for a few years. Kim would share with me how she sat with the terminally ill patients and their families, as they shared wonderful stories about their lives, which helped soothe the pain.
>
> Professionally, Kim is a hard worker who believes in fostering relationships to help her clients achieve their goals. She is well liked and has an excellent reputation in the food industry, and I feel she goes "that extra mile" to help her clients to prosper, create more jobs and thus, demonstrate leadership. Kim is the type of person that anyone would be fortunate to call her friend."
>
> (Letter attached Exhibit D)

**Lisa Vitale** is Talent Manager with The CARA Group, Inc. and has known Ms.

DiFrancesco since high school. Ms. Vitale states in pertinent part:

> "To know Kim is like a gift that keeps on giving … she's always been there for her family and friends. Kim is selfless and I don't' say that about many people … however, she's the kind of person that will always want to hear about your day and will offer guidance and support.
>
> I keep my circle of good friends small, to only include those who offer you their ear to listen and their shoulder to cry on, as well as sometimes provide needed criticism/mentorship to help you grow (and vice versa). That's who Kim DiFrancesco is without a shadow of a doubt. Kim has always been there for every friend and family member for as long as I've known her. She is someone I love, trust respect, and cherish.
>
> I think back to Kim and the relationship she shared with her grandmother … it was such as special bond they had. Kim cared for her grandmother all the way till her passing – taking time each week to not just see her, but to spend quality time with her. Kim treated her grandmother as a second mother. Kim is a caring woman, someone who will always be there for you, and I know her grandmother is so proud of her!

Quite honestly, I don't see many people in this world that really give a second thought about others because they are mired by their own selfishness. Kim's much more than a friend to me, she's my sister and I couldn't be more blessed to have her in my life (in fact, my whole family's life – they all love her). She's also a very intelligent and talented Sales Professional who goes above and beyond for her company and her customers. Everyone that Kim is in contact with is always impressed with her wisdom and genuine care for everyone.

I consider myself very lucky to have Kim in my life!"

(Letter attached Exhibit E)

## **CONCLUSION**

Ms. DiFrancesco is truly remorseful her actions, and the effects of her actions of her community and her family.  When the Judgment Order is entered against Ms. DiFrancesco, she will be convicted of a criminal offense for the first time in her entire life. Ms. DiFrancesco makes no excuses for her actions and wholeheartedly accepts responsibility for the conduct that brings her before this Honorable Court.  Ms. DiFrancesco respectfully asks this Honorable Court to take into consideration not only those actions that brought her before this Court, but to take into consideration the full value of her life that has always been committed to her family, her career and to her community when fashioning its reasonable sentence.

Taking together the nature and circumstances of the instant offense, her personal history and characteristics, and considerations of recidivism, Ms. DiFrancesco respectfully asks this Honorable Court for leniency when imposing a sentence, one that is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

For the reasons set forth herein, and to be further discussed at the sentencing hearing, this Court should impose a sentence of probation on Ms. DiFrancesco.  The punishment is sufficient but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

*/s/ Michael P. Gillespie*

Counsel for Kimberly DiFrancesco

MICHAEL P. GILLESPIE
*Counsel for Kimberly DiFrancesco*
The Law Offices of Gillespie & Gillespie
53 W. Jackson Blvd., Suite 1062
Chicago, IL 60604
Tel. (312) 588-1281
Fax (312) 588-1284
michael@gillespieandgillespielaw.com

10

## CERTIFICATE OF SERVICE

      I hereby certify I electronically filed the foregoing with the Clerk of the Court for the United States, District of Columbia and said filing complies with Fed.R.Crim.P.49, Fed.R.Civ.P.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

_____
Michael P. Gillespie

MICHAEL P. GILLESPIE
*Counsel for Kimberly DiFrancesco*
The Law Offices of Gillespie & Gillespie
53 W. Jackson Blvd., Suite 1062
Chicago, IL 60604
Tel. (312) 588-1281
Fax (312) 588-1284
michael@gillespieandgillespielaw.com